# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**
**ETHYLENE CRENSHAW, ex rel.,**

    **Plaintiffs,**

**-vs-**               **Case No. 6:06-cv-1462-Orl-19KRS**

**NANCY DEGAYNER, DEGAYNER ASSOCIATION MANAGEMENT, INC., ELDIST MARIE LEWIS, CAROL BLACKMAN, LARRY DUGGAN, DONNA HICKEY, ARASI ADESOLA, MIRIAM S. COATES, KASS GENNEKEN, ROYAL PALM COURT HOMEOWNERS ASSOCIATION**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' UNITED STATES OF AMERICA, ETHYLENE CRENSHAW, EX REL. MOTION TO STRIKE THE AFFIDAVIT OF JENNIFER JACOBS FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 85)** |
| **FILED:** | **April 15, 2008** |

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO WITHDRAW REQUEST FOR ADMISSIONS (Doc. No. 89)** |
| **FILED:** | **April 17, 2008** |

> **MOTION:** DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICE OF FILING (Doc. No. 91)
>
> **FILED:** April 18, 2008

## I. BACKGROUND.

Jennifer A. Jacobs, Esq., counsel for Defendants Nancy DeGayner, DeGayner Association Management, Inc., Eldist Marie Lewis, Carol Blackman, Miriam S. Coates, Kass Genneken, and Royal Palm Court Homeowners Association, Inc., avers that she served a Request for Admissions on Nancy Johnson, Esq., then counsel for Plaintiff/Relator Ethylene Crenshaw, on January 3, 2008. Doc. No. 84 ¶ 3 (Jacobs Aff.). Johnson acknowledged receiving unspecified "[d]iscovery requests" from Defendants sometime prior to January 15, 2008. Doc. No. 87 at 5-6, ¶ 2 (Johnson Aff.).

Meanwhile, on January 7, 2008, Johnson and her law firm filed a motion to withdraw as Crenshaw's counsel. Doc. No. 53. The Court held a hearing on the motion to withdraw on January 15, 2008. Doc. No. 54. The Court inquired about the status of the case. Johnson responded that she had received some discovery requests, but that she believed they had already been answered. Jacobs did not indicate that there were outstanding, unanswered discovery requests or a request for admissions. Because Crenshaw could not proceed as a relator in the *qui tam* portion of the case unless she was represented by counsel, the Court gave Crenshaw time to seek new counsel and extended the date for disclosure of expert witness reports. The Court did not, however, grant the motion to withdraw at that time. Doc. No. 58.[1]

---

[1] I reviewed the recording of the January 15, 2008 hearing to determine what representations were made at that time.

After the hearing, the parties further conversed about discovery. Johnson avers that she advised Jacobs that she "had recently seen discovery from [Jacobs'] office received" by her office. Johnson Aff. ¶ 4. "Because [she] knew that discovery was not due before the date that [her office] was going to be relieved of representation of Ms. Crenshaw and that . . . not preparing responses would cause no harm to Ms. Crenshaw, [Johnson] informed Ms. Jacobs of the same and asked that [Jacobs] hold off on filing anything else until after substitute[] counsel was found." *Id.* Jacobs agreed to Johnson's request. *Id.*

On January 29, 2008, Frank T. Allen, Esq., and John W. Dill, Esq., filed notices of appearance on behalf of Crenshaw. Doc. Nos. 61, 62. On February 4, 2008, the Court granted Johnson's motion to withdraw. Doc. No. 63.

Crenshaw personally retrieved the file from Johnson's law firm on February 5, 2008. Doc. No. 89-2 ¶¶ 8, 9 (Crenshaw Aff.). While Johnson avers that she saw Crenshaw pick up "several boxes containing that file," Johnson Aff. ¶ 5, she does not state that the Request for Admissions was within the materials Crenshaw received. Crenshaw averred on April 11, 2008 that she had never received a copy of the Request for Admissions. Doc. No. 83-2 ¶ 9.

Attorney Allen indicates that he first became aware of Defendants' Request for Admissions during Crenshaw's deposition on March 12, 2008. Doc. No. 74 ¶ 2. The Request for Admissions was first filed with the Court on March 13, 2008, in support of Defendants' motion for summary judgment. Doc. No. 67-7. Counsel for Defendants faxed the Request for Admissions to Crenshaw's counsel on March 20, 2008. Doc. No. 93 ¶ 6. Jacobs also attached the Request for Admissions as an exhibit to her affidavit filed in support of Defendants' motion for summary judgment, which was

filed and served on April 14, 2008. Doc. No. 84 at 3-5. As of April 18, 2008, Crenshaw had not responded to the Request for Admissions. Doc. No. 93 ¶ 7.

Crenshaw now moves to be relieved of the matters deemed to be admitted pursuant to Federal Rule of Civil Procedure 36, as a response to the Request for Admissions was not timely served. Crenshaw also seeks to strike Jacobs' affidavit filed in support of Defendants' motion for summary judgment because it relies on the information deemed to be admitted. Finally, Defendants move to strike an e-mail from Johnson to Crenshaw filed by Crenshaw in support of her motion to be relieved from the deemed admissions.

## II.    APPLICABLE LAW.

Rule 36(a)(3) provides that when a party serves a written request to admit on the opposing party, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Rule 36(b) permits the Court to allow a party to withdraw or amend an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Accordingly, the determination of whether a party should be permitted to withdraw matters that have been deemed admitted because of another party's failure to respond timely to requests for admission is governed by a two-part test. "First, the court should consider whether the withdrawal will subserve the presentations of the merits, and second, it must determine whether the withdrawal

will prejudice the party who obtained the admissions in its presentation of the case." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002). "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the *importance of having the action resolved on the merits*, while at the same time assuring each party that justified reliance on an admission in preparation of trial will not operate to his prejudice.'" *Id*. at 1265 (quoting *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577-78 (11th Cir. 1988)).

**III.   ANALYSIS.**

    *A.   Resolving the Action on the Merits.*

The first prong of Rule 36(b)'s two-part test "'emphasizes the importance of having the action resolved on the merits' . . . and is 'satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Id.* at 1266 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

In the present action, Defendants' Request for Admissions asked, among other things, that Crenshaw admit that the United States has no damages and has suffered no injury, that Defendants did not knowingly present a false claim to the United States government, and that the proceeds from a loan obtained by the defendants from the United States was used to repair damaged condominiums. Doc. No. 84 at 4-5. As Defendants' response to Crenshaw's motion seeking leave to withdraw the admissions acknowledges, withdrawal of the admissions will subserve the presentation of the case on the merits. Doc. No. 93 at 3.

Thus, granting the motion to withdraw the admissions would aid in the ascertainment of the truth and development of the merits of the case. *See Essex Builders Group, Inc. v. Amerisure Ins.*

-5-

*Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005) (finding the barring of a plaintiff, who failed timely to file a response to requests for admission, from proving liability unjust).  Accordingly, this factor weighs in favor of allowing Crenshaw to withdraw the admissions.

   B.   *Prejudice to the Opposing Party.*

The next step of the analysis requires the Court to consider whether the non-moving party would be prejudiced by the withdrawal of the admissions.  As explained by the United States Court of Appeals for the Eleventh Circuit:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Perez*, 297 F.3d at 1266 (quoting *Smith*, 837 F.2d at 1578).  "Thus, the court is more likely to find prejudice if the opposing party was somehow lulled into reliance upon the admissions due to the movant's failure to act timely."  *Essex Builders Group, Inc.*, 230 F.R.D. at 687.

In the present case, the Request for Admissions was not served until January 3, 2008, making the responses thereto due on February 5, 2008.  Discovery closed on March 17, 2008.  Doc. No. 52.  Defendants have not articulated the additional discovery they would have taken during the 35 days between the date on which the responses to the Request for Admissions were due and the close of discovery.

Defendants argue that if the admissions are withdrawn, they "would be required to defend themselves and present their case without the benefit of **any** discovery responses and without the ability to conduct further inquiry into those requests . . . because the discovery deadline has passed."

Doc. No. 93 at 4. The argument is overstated because the defendants did receive some discovery during the deposition of Crenshaw. *See* Doc. No. 68. Further, the failure to obtain responses to the written discovery served on January 3, 2008, resulted, in part, because Defendants did not file a motion to compel until March 17, 2008, the last day of the discovery period. The motion to compel was denied because defense counsel did not comply with Local Rule 3.01(g). Even if it had been granted, there would have been no time remaining in the discovery period for the defendants to conduct further inquiry. Thus, the defendants have not established that it was their reliance on the deemed admissions, rather than their failure to file a proper motion to compel, that caused their prejudice.

Accordingly, the second prong also favors the withdrawal of Crenshaw's admissions.

As both the first and second prongs of the *Perez* test support withdrawal of the deemed admissions, it is appropriate to permit Crenshaw to be relieved of the matters deemed to be admitted. Nevertheless, it is necessary for Crenshaw to respond to the Request for Admissions, and she must do so promptly due to the impending trial date. Crenshaw must respond to each request in the manner permitted by Rule 36(a)(4). Objections to the Request for Admissions have been waived by failure timely to assert them.

### IV. CONCLUSION.

For the reasons set forth above, it is **ORDERED** as follows:

1)   The Motion for Leave to Withdraw Request for Admissions, doc. no. 89, is **GRANTED**, and Crenshaw is relieved of the matters deemed admitted;

    2)    Crenshaw shall serve a response in the form required by Rule 36(a)(4) to the Request for Admissions on or before June 6, 2008;

    3)    Plaintiffs' United States of America, Ethylene Crenshaw, *ex rel.* Motion to Strike the Affidavit of Jennifer Jacobs Filed in Support of Defendants' Motion for Summary Judgment, doc. no. 85, is **GRANTED**; and,

    4)    Defendants' Motion to Strike Plaintiff's Notice of Filing (Doc. No. 91) is **DENIED** as moot.

    **DONE** and **ORDERED** in Orlando, Florida on June 3, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties