**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,
ETHYLENE CRENSHAW, ex rel.,**

        **Plaintiffs,**

**-vs-**                               **Case No. 6:06-cv-1462-Orl-19KRS**

**NANCY DEGAYNER, DEGAYNER ASSOCIATION
MANAGEMENT, INC., ELDIST MARIE LEWIS, CAROL
BLACKMAN, MIRIAM S. COATES, KASS GENNEKEN, ROYAL
PALM COURT HOMEOWNERS ASSOCIATION**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR TAXATION OF COSTS (Doc. No. 122)
>
> **FILED:** June 28, 2008

**I. PROCEDURAL HISTORY.**

On September 25, 2006, Ethylene Crenshaw, proceeding as *qui tam* plaintiff on behalf of the United States, filed a complaint against Defendants under the False Claims Act ("FCA"), and for civil conversion, conspiracy, and intentional infliction of emotional distress under Florida state law. *See* Doc. No. 1. On June 13, 2008, the Court entered an order granting summary judgment to Defendants on all claims and denying the motion for summary judgment filed by Crenshaw. Doc. No. 116. On

June 16, 2008, pursuant to that order, the Clerk entered a final judgment for Defendants against Plaintiff Crenshaw. Doc. No. 117.

Defendants timely filed a proposed bill of costs seeking the recovery of $2,325.62 in costs.[1] The Clerk taxed the costs against Crenshaw on June 27, 2008. Doc. No. 121. On June 28, 2008, Crenshaw timely objected to the costs on two grounds. Doc. No. 122. First, Crenshaw claimed that because the Court did not find her action clearly frivolous, vexatious, or filed for the purposes of harassment as required by the FCA to permit the court to award reasonable attorneys' fees and expenses, *see* 31 U.S.C. § 3730(d)(4), "Defendants are not entitled to expenses, or costs against Plaintiffs." Doc. No. 122 ¶ 4. Second, Crenshaw specifically objected to "Defendants . . . seeking costs, or expenses which are not taxable under 28 U.S.C. § 1920" and for which "Defendants did not attach[] an itemization of their costs." Doc. No. 122 ¶ 4. Defendants did not respond to the motion, and the time for doing so has passed. Therefore, I find it ripe for consideration.

## II. ANALYSIS.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" The Supreme Court has held that 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920,

---

[1] Defendants' Proposed Bill of Costs, Doc. No. 119-2 at 1, listed $2,325.62 in costs. The body of Defendants' Motion to Tax Costs listed $2,731.54 in costs. Doc. No. 119 at 2. The Clerk taxed $2,325.62 in costs according to the Proposed Bill of Costs. Doc. No. 121.

unless authorized by another applicable statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001)(citing *Crawford*, 482 U.S. at 445). The Court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

The following are allowable as costs under § 1920:

1. Fees of the clerk and the marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under 28 U.S.C. § 1923; and

6. Compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services.

With respect to the fees and expenses provision of the FCA, a number of courts have found that the provision of the FCA permitting the court to "award to the defendant its reasonable attorney's fees and expenses if the defendant prevails" when the court finds that the claim is clearly frivolous or vexatious, or brought primarily for purposes of harassment does not displace the Court's authority to award costs under the Federal Rules of Civil Procedure. *United States ex rel. Costner v. United States*, 317 F.3d 889, 890-91 (8th Cir. 2003);*United States ex rel. Lindenthal v. Gen'l Dynamics Corp.*, 61 F.3d 1402, 1412-14 (9th Cir. 1995). *See also United States ex rel. Berge v. Regents of the Univ. of Ala.*, 203 F.3d 824, 2000 WL 123949, at *3-*4 (4th Cir. 2000)(unpublished table decision)(upholding district court's award of costs against *qui tam* relator's unsuccessful, non-frivolous FCA claim);

*United States ex rel. Rithie v. Lockheed Martin Corp.*, No. 04-cv-01937-EWN-MJW, 2008 WL 608586, at *3 (D. Colo. Mar. 4, 2008)(same); *United States ex rel Meyer v. Horizon Health Corp.*, No. C 00-1303 SBA, 2007 WL 518607, at *4 (N.D. Cal. Feb. 13, 2007)(same).[2] I find the analysis in these cases persuasive. Accordingly, I will analyze whether costs are awardable under Rule 54.

Crenshaw objects to the following costs: unitemized fees listed on the bill of costs; service fees for subpoenas for witnesses who did not testify; excessive fees paid to the court reporter, based on the fee Crenshaw paid to the same court reporter for an identical copy of the deposition, *compare* Doc. No. 119-2 at 5 (itemized invoice from First Choice Reporting Services) *with* Doc. No. 122-2 at 2 (credit card receipt from First-Choice Reporting Services marked "Receipt for Deposition"); travel expenses for Defendants' Attorneys Jennifer Jacobs and Keiren F. O'Connor; $184.91 labeled "Other costs" but not itemized;[3] and $40.71 in computerized legal research. Doc. No. 122 ¶¶ 7-8.

*A. Exemplification, Copies, and Other Costs Taxed Against Crenshaw*.

Crenshaw objects to the $361.11 for exemplification and copies of papers necessarily obtained for use in the case and $184.91 in other costs, because Defendants "failed to attach an itemization and documentation" for these line items. Doc. No. 122 ¶ 7. Crenshaw overlooks the attachment to the Proposed Bill of Costs itemizing these costs. Doc. No. 119-2 at 3-4 ("Itemized Costs"). This

---

[2] Crenshaw also asserts that taxing costs "would have a chilling effect on other Qui Tam Relators." Doc. No. 122 at 4. Crenshaw has failed to show why the potential danger of chilling future FCA claims – standing alone as a mere assertion with no support from "a federal statute, [the Federal Rules of Civil Procedure], or a court order," Fed. R. Civ. P. 54(d)(1) – should overcome the traditional presumption that a district court will award costs to a prevailing party. *Id.*

[3] Although objected to separately by Crenshaw, the $184.91 in "Other costs" consists of the aforementioned attorney travel expenses and computerized legal research, as well as postage.

itemization details the date, amount, and explanatory narrative for each entry totaling $546.02. *Id.* However, I find the Itemized Costs insufficient to support taxation against Crenshaw of the entire $546.02.

Under § 1920 "[a] prevailing party may recover photocopy costs for copies that the 'party could have reasonably believed' were necessary to the litigation." *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000)(citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2001). "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." *Id.* "Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery." *Corsair Asset Mgmt., Inc. v. Moskovitz*, 142 F.R.D. 347, 352 (N.D. Ga.1992); *accord Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)(disallowing copying costs because the plaintiff failed to provide evidence of the documents' use or intended use); *see also Scelta v. Delicatessen Support Servs. Inc.*, 203 F. Supp. 2d 1328, 1340-41 (M.D. Fla. 2002)(holding that "since the defendants have not described the photocopying costs sufficiently to permit a determination of which photocopies were necessarily obtained for the use in this case, reimbursement for photocopying costs is rejected in its entirety); *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga.1992)("A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.").

Without evidence to the contrary, the Court cannot reasonably conclude that all of these copies were necessarily obtained, rather than obtained for the convenience of counsel. Neither the itemization of costs nor the motion to tax costs describe the necessity for many of the photocopies.

Only one entry for photocopies supports a finding of necessity. The entry on the Itemized Costs for May 7, 2008, for $45.86 is labeled "Vendor City of Daytona Beach; Invoice #5/6/08; Copies of police investigation records regarding plaintiff." Since Crenshaw's reports to law enforcement were central to her claim for intentional infliction of emotional distress, *see* Doc. No. 116 at 34-35 (discussing purported incidents of harassment reported to law enforcement officials), I find that copies of relevant police investigation records necessarily obtained for use in the case. Accordingly, $45.86 for photocopies of records is taxable under § 1920.

The remaining $184.91 listed as "Other costs" on the Bill of Costs consists of attorney travel expenses, *see* Itemized Costs (entries for attorney travel reimbursement on July 9, 2007 and Nov. 28, 2007), computerized legal research, *id.* (entries for legal research on July 9, 2007, Jan. 25, 2008, June 3, 2008), and delivery charges, *id.* (entries for Federal Express delivery on May 30, 2008). Miscellaneous litigation expenses, including "facsimiles, long distance telephone calls, couriers, express mail, computerized legal research, attorney travel and lodging, postage, search services, office supplies, attorney meals, secretarial services, mediation and expert witness fees are not compensable under § 1920 because these expenses are not enumerated in the statute." *Scelta*, 203 F. Supp. 2d at 1339. Accordingly, I find the $184.91 taxed as "Other costs" is not recoverable under § 1920.

  B. *Fees of the Court Reporter.*

Crenshaw objects to the $1,494.60 taxed against her for court reporter fees for obtaining the original and one copy of her deposition as excessive. Crenshaw submits an invoice from the court reporter which she asserts reflects the costs charged to obtain a copy of the same deposition. Defendants included as an attachment to their Proposed Bill of Costs a March 13, 2008, invoice from First-Choice Reporting Services for $1,494.60. Doc. No. 119-2 at 5. The sole entry on the invoice

is for expedited delivery of one original and one copy of the transcript of Crenshaw's deposition in this case. *Id.* Crenshaw's inclusion of a credit card receipt purportedly for obtaining a copy of a deposition transcript is not persuasive evidence that the amount charged to Defendants for an expedited copy of the original and one copy of the deposition was excessive.

The record indicates Crenshaw's deposition was completed on March 12, 2008, *see* Doc. No. 68, and Defendants referenced this deposition in their Motion for Summary Judgment filed on March 13, 2008. Doc. No. 67. Accordingly, I find the expedited transcripts necessarily obtained for the use in the case and the $1,494.60 cost taxable pursuant to § 1920.

   *C. Fees for Service of Summons and Subpoena.*

Crenshaw objects to the $285.00 taxed against her for service of subpoenas on witnesses Leon Smith, Eric Hillman, Danica Bumgardner, Michael Kennedy, and Vonda Sprague, *see* Doc. No. 119-2 at 6-10, because "non[e] of these witnesses . . . were ever called nor did they ever provide testimony in this case." Doc. No. 122 ¶ 7. In order to recover subpoena costs for witnesses who did not ultimately testify at a trial, the witnesses must have been reasonably necessary for trial. *See George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000) (disallowing costs for service fees for witnesses who were not reasonably necessary for trial). Defendants listed each of these witnesses in the parties' Joint Final Pre-Trial Statement. Doc. No. 98 at 15-16. Defendants listed Smith, Kennedy, and Sprague as a "Sponsoring Witness" for at least one exhibit each. *See id.* at 10-11. Crenshaw also listed witness Smith as a witness likely to be called. *Id.* at 19. Therefore, I find Defendants can recover costs for service upon these five witnesses and tax $285.00 against Crenshaw.

**IV. RECOMMENDATION.**

For the reasons stated above, I recommend that the Court do the following:

1. **GRANT** in part and **DENY** in part Plaintiff's objections the Clerk's June 27, 2008, Bill of Costs taxed against Plaintiff, Doc. No. 121;

2. **VACATE** the Bill of Costs taxed by the Clerk of Court on June 27, 2008, Doc. No. 121;

3. **AWARD** Defendants $1,825.46 in taxable costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE