UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,
ETHYLENE CRENSHAW, ex rel.,**

        **Plaintiffs,**

-vs-                                                Case No. 6:06-cv-1462-Orl-19KRS

**NANCY DEGAYNER, DEGAYNER
ASSOCIATION MANAGEMENT, INC.,
ELDIST MARIE LEWIS, CAROL
BLACKMAN, MIRIAM S. COATES,
KASS GENNEKEN, ROYAL PALM
COURT HOMEOWNERS ASSOCIATION**

        **Defendants.**

# ORDER

This case comes before the Court on the Report and Recommendation of the United States Magistrate Judge Regarding Plaintiffs' Objection to Defendants' Motion for Taxation of Costs (Doc. No. 126, filed Oct. 29, 2008); the Objection of Plaintiffs to the Report and Recommendation (Doc. No. 127, filed Nov. 6, 2008); and the Response in Opposition of Defendants to Plaintiffs' Objection to the Report and Recommendation (Doc. No. 128, filed Nov. 10, 2008).

The Court granted summary judgment in favor of Defendants and against Plaintiffs Ethylene Crenshaw and the United States of America in this False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, case. (Doc. No. 116, filed June 13, 2008.) Defendants then moved for costs against Plaintiffs, and the Clerk of Court taxed costs in the amount of $2,325.62. (Doc. Nos. 119, 121.) Plaintiffs filed an objection to these taxed costs, contending that: (1) costs may not be awarded in an FCA case

unless a plaintiff's claims are frivolous; and (2) Defendants were not entitled to certain costs which were either not properly itemized or not taxable under 28 U.S.C. § 1920. (Doc. No. 122 at 1-4.)

The Magistrate recommended that Plaintiffs' request be granted in part. (Doc. No. 126.) Regarding Plaintiffs' first argument, the Magistrate concluded that the FCA's provision which allows an award of fees and costs against a plaintiff who brings a frivolous case does not displace the Court's authority to award costs under 28 U.S.C. § 1920. (*Id.* at 3-4 (citing *United States ex. rel. Costner v. United States*, 317 F.3d 889, 890-91 (8th Cir. 2003) and *United States ex rel. Lindenthal v. Gen. Dynamics Corp.*, 61 F.3d 1402, 1412-14 (9th Cir. 1995)).) However, the Magistrate agreed in part with Plaintiffs' second argument, finding that Defendants had failed to properly itemize certain expenses and sought certain costs which could not be taxed. (*Id.* at 5-6.) She recommended that the Court reduce the award of costs to $1,825.46. (*Id.* at 8.)

Defendants did not object to this reduction in costs. Plaintiffs, on the other hand, raise three objections to the Magistrate's findings: (1) that an award of costs would cause "unfair surprise and prejudice"; (2) that Defendants engaged in "improper conduct" which precludes an award of costs; and (3) that certain express provisions of the FCA preclude an award of costs unless the action is found to be frivolous. (Doc. No. 127 at 1-7.)

A party seeking to challenge the findings in a report and recommendation must file "written objections which specifically identify the portions of the proposed findings and recommendation[s] to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper specific objection, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-84. The remainder of the report is reviewed for

clear error. *Id.* at 784. The district court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* at 784.

Plaintiffs' objections are without merit. As an initial matter, Plaintiffs' first two objections should have been raised before the Magistrate but inexplicably were not.[1] In any event, neither argument has merit. A federal statute permits costs to be taxed against the losing party, 28 U.S.C. § 1920, and contrary to Plaintiffs' assertion, there is no requirement that a defendant request costs in its answer.[2] *See id.* Plaintiffs' second objection is a general complaint about Defendants' pre-litigation behavior and has nothing to do with the propriety of their taxed costs. *United States ex. rel. Costner*, 317 F.3d at 891 ("The plaintiffs' contention that the defendants engaged in improper conduct that precludes an award of costs is without merit.").

Plaintiffs' third objection simply ignores the Magistrate's recitation of case law and repeats their earlier position that costs may not be taxed against a losing FCA plaintiff unless the claim was

---

[1] The Eleventh Circuit has determined that district courts may consider issues raised for the first time in an objection to a report and recommendation. *Stephens v. Tolbert*, 471 F.3d 1173, 1176-77 (11th Cir. 2006). While several circuits have also found that the district courts have discretion to deem such arguments to be waived, the Eleventh Circuit expressly left this question open in *Stephens*. *Id.* ("We need not decide whether the district court could have declined to consider an argument that had not been presented to the magistrate judge."); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d. Cir. 1998) (summarizing Second, Third, and Seventh Circuit cases and finding that district courts have discretion to decline hearing arguments that were not raised before the magistrate judge).

[2] Plaintiffs also argue, as part of this specific objection, that the Magistrate erred by finding that Defendants' requested costs for a deposition transcript were excessive. (Doc. No. 127 at 3.) Plaintiffs specifically contend that they paid less money than Defendant did for the same transcript, and the Magistrate should not have found Defendants' receipt to be more credible. (*Id.*) However, Plaintiffs misrepresent the Magistrate's conclusion. The Magistrate Judge concluded that Plaintiffs' receipt for a copy of the transcript did not prove that Defendants' claimed costs were excessive. (Doc. No. 126 at 6-7.) Further, the Court disagrees that it is "manifestly unjust" to tax the costs of receiving both the original transcript and a copy of the transcript, as both were apparently used in the preparation and filing of Defendants' Motion for Summary Judgment. *See Osahar v. United States Postal Serv.*, 136 F. App'x 259, 261 (11th Cir. 2005).

frivolous. The Magistrate's Report and Recommendation cites five cases which reached the opposite conclusion, including opinions from the Fourth, Eighth, and Ninth Circuits, (Doc. No. 126 at 3-4), while Plaintiffs cite no interpretive authority in support of their argument, (Doc. No. 127 at 6).[3] Given the clear weight of authority in support of the Magistrate's conclusion, the Court overrules Plaintiffs' third objection.

The Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge Regarding Plaintiffs' Objection to Defendants' Motion for Taxation of Costs (Doc. No. 126, filed Oct. 29, 2008), and **OVERRULES** the Objection of Plaintiffs to the Report and Recommendation (Doc. No. 127, filed Nov. 6, 2008). The Court **VACATES** the Bill of Costs taxed by the Clerk of Court (Doc. No. 121, filed June 27, 2008), and **AWARDS** in favor of Defendants and against Plaintiffs $1,825.46 in taxable costs.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 14, 2009.

---

[3] Plaintiffs cite only to the statute itself, 31 U.S.C. § 3730(d)(4), which provides that:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

Plaintiffs contend that under this statute "expenses" may be awarded only in a frivolous FCA case. Notwithstanding the weight of authority which has come to the opposite conclusion, the Court notes that Plaintiff Ethylene Crenshaw individually brought several unsuccessful state law claims which would fall outside the purview of this statute. Thus, even if the statute applied as Plaintiffs argue, the Court could still tax costs for the state law claims.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record